UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 MAR 11  P 12: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RUTH SCHWARTZ<br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL INC.<br>Defendant. | CIV. ACTION # 05-CV-104333 RWZ |

## ANSWER AND JURY DEMAND

NOW COMES Marriott International, Inc. ("Marriott"), and responds to plaintiff's Complaint as follows:

1. Marriott lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2. Marriott International, Inc. admits that it has a principle place of business at One Marriott Drive, Washington, D.C.

3. Marriott International, Inc. admits that at the time of the incident described in plaintiff's Complaint, November 13, 2004, it operated the Town Place Suites by Marriott located at 20 International Place, Tewksbury, Massachusetts. It denies the rest of the allegations contained in paragraph 3.

4. Marriott lacks sufficient knowledge and information to admit or deny the allegations in paragraph 4.

5. Marriott lacks sufficient knowledge and information to admit or deny the allegations in paragraph 5, but to the extent that the paragraph alleges liability against Marriott it is expressly denied.

6-8.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Marriott upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims against Marriott are barred, in whole or in part, because the plaintiff's alleged injuries and losses, if any, were proximately caused by her own negligence.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Marriott because her conduct, alone or combined with the conduct of others, was the sole proximate cause of her alleged injuries and damages.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims against Marriott are barred or reduced to the extent that the plaintiff failed to mitigate her alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Marriott because her alleged injuries and losses were caused by the intervening, superseding misconduct of persons for whose conduct Marriott is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by acts or omissions of third persons over whom Marriott exercised no control and for whose conduct Marriott is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Marriott states that the action is barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Marriott states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, §85.

## NINTH AFFIRMATIVE DEFENSE

Marriott states that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to his alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by insufficient service and/or service of process.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because she spoliated or otherwise failed to preserve crucial evidence.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because she failed to provide Marriott timely notice of any alleged dangerous condition and that failure caused Marriott substantial prejudice in its ability to defend against the plaintiff's claims.

## JURY DEMAND

Marriott demands a trial by jury on all issues.

Dated: March 11, 2005

MARRIOTT INTERNATIONAL, INC.

By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

_____
James M. Campbell, BBO # 541882
Christopher A. Callanan, BBO # 630649
One Constitution Plaza
Boston, MA 02129
617-241-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on March 11, 2005.

David B. Stein, Esq.
Rubin, Weisman, Colasanti, Kajko & Stein, LLP
430 Bedford Street
Lexington, MA 02420

_____
Christopher A. Callanan

4